IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

KEVIN MAYO and RHONDA MAYO,

     Petitioners,

vs.                    NO:  CH-19-1292

                             Part: 2

CITY OF BARTLETT TENNESSEE and
BARTLETT BOARD OF ZONING APPEALS,

     Respondents.



SHELBY COUNTY
CHANCERY COURT
OCT 0 3 2019
W. AARON HALL, C &M
TIME: ___ BY: ___

---

## FIRST AMENDED VERIFIED PETITION FOR WRIT OF CERTIORARI REVIEW

---

TO THE HONORABLE CHANCELLORS OF THE CHANCERY COURT OF SHELBY
COUNTY, TENNESSEE:

     Come now the Petitioners, and as facts in support of their first amended Petition,

would show unto the Court as follows:

     1.    KEVIN MAYO and RHONDA MAYO ("Petitioners") are adult resident

citizens of Bartlett, Shelby County Tennessee, and are the owners of

certain real property situated in Bartlett, Shelby County, Tennessee, and

more particularly known as property at 4464 Timmeron Cove. The

Petitioners are aggrieved by the decision of the Bartlett Board of Zoning Appeals rendered on July 18, 2019, and thus have standing to bring this action pursuant to Tennessee Code Annotated §27-9-101.

2.      Respondent, City of Bartlett, Tennessee, is a municipal organization chartered by the State of Tennessee, which may be served process through the City Attorney, Edward McKinney, Jr., at 6060 Primacy Parkway, Suite 100, Memphis, Tennessee 38119.

3.      Respondent, Bartlett Board of Zoning Appeals is an administrative body created by and operating under the authority of the City of Bartlett, Tennessee, which may be served process through the City Attorney, Edward McKinney, Jr., at 6060 Primacy Parkway, Suite 100, Memphis, Tennessee 38119.

4.      This is an action, pursuant to Tennessee Code Annotated §27-9-101, for certiorari review of certain zoning matters related to Petitioners' property as were reviewed by Respondent on July 18, 2019.

5.      Jurisdiction is bestowed to the Shelby County Chancery Court to hear this matter by virtue of Tennessee Code Annotated §27-9-104.

6.      Venue is proper in Shelby County Chancery Court by virtue of Tennessee Code Annotated §27-9-102.

## STATEMENT OF FACTS AND LAW

7.    Petitioners, Kevin Mayo and Rhonda Mayo, purchased an RV cover and had it installed in the backyard of their residence at 4464 Timmeron Cove, Bartlett, Shelby County, Tennessee on or about June 2, 2019.

8.    On June 3, 2019, Petitioners, Kevin Mayo and Rhonda Mayo, received a "NOTICE OF VIOLATION" from the Office of Bartlett Code Compliance citing Petitioners for "Detached Storage Bld [sic] Building, No Permit". See attached Exhibit A.

9.    That the Notice of Violation of June 3, 2019, did not specifically list or describe which code or ordinance that Petitioners' were required to have obtained or violated.  See attached Exhibit A.

10.   That the Notice of Violation of June 3, 2019, incorrectly describes Petitioners' RV cover as a "Storage Bld [sic] Building".  See attached Exhibit A.

11.   That prior to placing RV Cover on their premises, Petitioner, Kevin Mayo, reviewed the City of Bartlett Tennessee's website, under the section entitled "When is a permit required?".  The answer that was also posted on Bartlett's website did not list an RV cover as one of the items requiring a permit.  See attached Exhibit B.

3

12.     Petitioners relied on the items listed on Respondent's website as being an
        accurate and complete list of items that would require obtaining any type
        of permit prior to placing it on their property. See attached Exhibit B.
        Petitioners noted that an RV cover was not one of the specific items listed.
        See attached Exhibit B. That an RV cover does not fit the definition of a
        building in that it has no doors or windows, it is open on both ends, not
        permanently attached to the ground, and is not attached to their
        residence. Based upon the foregoing, Petitioners proceeded with the
        purchase and placement of the RV cover in their backyard without
        applying for a permit. At some point after Petitioners placed the RV cover
        in their backyard, Respondents modified the information on its website as
        to when a permit is needed. See attached Exhibit C.

13.     On June 4, 2019, Petitioner, Kevin Mayo, went to the Bartlett Code
        Enforcement Office and met with a representative there with the intention
        of submitting an application for a building permit. Petitioner, Kevin Mayo,
        was advised by the representative that his RV cover was in violation of a
        building code and he could correct the code violation by filing a request for
        a variance. The representative did not advise Mr. Mayo which specific
        building code that was violated due to the placement of an RV cover in his
        backyard.

14.   The Code Enforcement Representative then escorted Petitioner to the office of the Bartlett Planning & Economic Development Department, and was given a "*Bartlett Board of Zoning Appeals* Application for Variance Approval".

15.   On or about June 20, 2019, Petitioners filed an "Application for Variance Approval" with the Bartlett Planning & Economic Development Department requesting "Positioning of RV Cover outside the set back on right side of house facing Timmeron Cove". See attached Collective Exhibit D

16.   On July 18, 2019, Board of Zoning Appeals conducted a hearing on Petitioners' application for variance approval. The Board voted to not approve Petitioner's application.

17.   Prior to the hearing, Petitioners sent 48 written notices to all property owners within three hundred (300) feet of their residence, advising them of the scheduled hearing set July 18, 2019.

18.   No private citizen appeared at the July 18, 2019, meeting in opposition to the request for the variance. No correspondence, from any private citizen, was introduced at said meeting in opposition to the requested variance. That during said meeting, letters of support for approval from several private citizens were read into the record. Several neighboring property

owners addressed the Board in regard to the exceptional topographic

conditions present in the Mayos' backyard.

19.     Tennessee Code Annotated §13-7-207(3) sets forth the criteria required to

be established for the Board of Zoning Appeals to grant a variance.

Tennessee Code Annotated §13-7-207 states in relevant part as follows:

The board of appeals has the power to:

(1)  Hear and decide appeals where it is alleged by the appellant that
there is error in any order, requirement, permit, decision, or refusal made
by the municipal building commissioner or any other administrative official
in the carrying out or enforcement of any provision of any ordinance
enacted pursuant to this part and part 3 of this chapter;

(2)  Hear and decide, in accordance with the provisions of any such
ordinance, requests for special exceptions or for interpretation of the map
or for decisions upon other special questions upon which such board is
authorized by any such ordinance to pass; and

**(3)  Where, by reason of exceptional narrowness, shallowness or
shape of a specific piece of property at the time of the enactment of
the zoning regulation, or by reason of exceptional topographic
conditions or other extraordinary and exceptional situation or
condition of such piece of property, the strict application of any
regulation enacted under this part and part 3 of this chapter would
result in peculiar and exceptional practical difficulties to or exception
or undue hardship upon the owner of such property, authorize, upon
an appeal relating to the property, a variance from such strict
application so as to relieve such difficulties or hardship; provided,
that such relief may be granted without substantial detriment to the
public good and without substantially impairing the intent and
purpose of the zone plan and zoning ordinance.**

Tennessee Code Annotated §13-7-207, et seq. Emphasis ours.

6

20.    Article IX – 232, Section 5B of the Bartlett Board of Zoning Appeals
       Resolution also sets forth the criteria for the Board to grant a variance.

## B. VARIANCES: CONDITIONS GOVERNING APPLICATIONS; PROCEDURES

**Where,**

- **by reason of exceptional narrowness, shallowness or shape of a specific piece of property at the time of the enactment of the Zoning Ordinance, or**

   **by reason of exceptional topographic conditions or other extraordinary and exceptional situation or condition of such piece of property,**

**the strict application of the Zoning Ordinance would result in peculiar and exceptional practical difficulties to or exception or undue hardship upon the owner of such property; to authorize, upon an appeal relating to the property, a variance from such strict application so as to relieve such difficulties or hardship; provided, that such relief may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of the Zoning Map and Zoning Ordinance.**

**A variance from the terms of this Ordinance shall not be granted by the Board of Zoning Appeals unless and until the following requirements are met:**

1.    **A written application for a variance is submitted demonstrating**

   a.    **That special conditions and circumstances exist which are peculiar to the land, structure, or building involved and which are not applicable to other lands, structures, or buildings in the same district;**

   b.    **That literal interpretation of the provisions of this Ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same district under the terms of this Ordinance.**

   c.    **That the special conditions and circumstances do not result from the actions of the applicant.**

7

  **d. That granting the variance requested will not confer on the applicant any special privilege that is denied by this Ordinance to other lands, structures, or buildings in the same district.**

  **No non-conforming use of neighboring lands, structures, or buildings in the same district, and no permitted or non-conforming use of lands, structures or buildings in other districts shall be considered grounds for the issuance of a variance.**

**2. Notice of public hearing shall be given as required in this Article.**

**3. The public hearing shall be held. Any party may appear in person, or by agent or attorney.**

**4. The Board of Zoning Appeals shall make findings that the requirements of this Article have been met by the applicant for a variance.**

**5. The Board of Zoning Appeals shall further make a finding that the reasons set forth in the application justify the granting of the variance, and that the variance is the minimum variance that will make possible the reasonable use of the land, building, or structure.**

**6. The Board of Zoning Appeals shall further make a finding that the granting of the variance will be in harmony with the general purpose and intent of this Ordinance, and will not be injurious to the neighborhood or otherwise detrimental to the public welfare.**

**In granting any variance, the Board of Zoning Appeals may prescribe appropriate conditions and safeguards in conformity with this Ordinance. Violation of such conditions and safeguards, when made a part of the terms under which the variance is granted, shall be deemed a violation of this Ordinance and punishable under Article XIII of this Ordinance.**

**Under no circumstances shall the Board of Zoning Appeals grant a variance to allow a use not permissible under the terms of this Ordinance in the district involved, or any use expressly or by implication prohibited by the terms of this Ordinance in said district. See attached Exhibit E.**

21.  That exceptional topographic conditions along with other extraordinary and exceptional situations and conditions are present in Petitioners' backyard where the subject RV cover is located, thereby justifying the granting of the requested variances, to wit:  Due to the unique slope of Petitioners' backyard, they experience significant water drainage from neighboring yards into and through their yard.  Petitioners have had extensive landscaping performed to address the drainage issue.  The drainage wash has still caused their yard to become unlevel over the years.  To attempt to come into compliance with the current building codes, would require Petitioners to place the RV cover in the middle of their backyard necessitating removal of a mature tree as well as negatively impacting the drainage landscaping, thereby subjecting Petitioners to peculiar and exceptional practical difficulties and undue hardship, thereby meeting the conditions stated in Tennessee Code Annotated §13-7-207(3) and Article IX – 232, Section 5B of the Bartlett Board of Zoning Appeals Resolution, for the granting the necessary variances that would allow Petitioners to retain the said RV cover in their backyard.

22.  That on August 12, 2019, Kimberly Taylor, Director of Planning & Development sent a letter to Petitioners informing them that their

9

"application for variances from the minimum front yard setback, the accessory building height restrictions and the prohibition against accessory structures encroaching in the front yard setback in the RS-15 Single Family Residential Zoning District" was denied by the Board at the July 18, 2019 hearing.  Ms. Taylor's correspondence stated only that "the application did not satisfy the criteria for the issuance of a variance."  See attached Exhibit F.

23.   That granting Petitioners' request for a variance would be without substantial detriment to the public good and without substantially impairing the intent and purpose of the Zoning Plans and Ordinances at issue.

24.   That the August 12, 2019, correspondence was Petitioners' first notice of specific alleged building code violations necessitating a variance to allow the RV cover to remain in their backyard.  See attached Exhibit F.

25.   That the Board's decision was both arbitrary, capricious and has unjustifiably limited Petitioners ability to utilize said property in accordance with its current zoning classification of RS-15.  That upon information and belief, Petitioners allege that no representative of the Board of Zoning Appeals or Code Enforcement personally made any visual inspection of their premises.  Such inspection would have revealed the presence of the

exceptional topographical conditions, thereby supporting the necessity of the requested variance.

26.   That the denial of the Mayos' Request for a Variance by the Board of Zoning Appeals was not based on or supported by any material evidence, and unsupported by current City, State and Federal law.

27.   By denying the grant of the requested variance, Respondent has denied Petitioners their due process rights as guaranteed by the Due Process Clause of United States Constitution and 42 U.S.C. §1983 (1996).

28.   That prior to filing this cause of action, Petitioners have requested a copy of the minutes of the Board's Minutes for July 18, 2019, reflecting their decision on Petitioners' Request for a Variance, and were informed by a representative of the Respondents that they had not yet been approved and were unavailable.

29.   Petitioners were wrongfully deprived of their ability and right to present and pursue their application for Request for a Variance due to Respondents failure to give the notice of which specific code sections that they allegedly violated in placing the RV cover in their backyard.

30.   Petitioners assert that unless a writ of certiorari issues to the Board of Zoning Appeals, the matter is heard, and the aforementioned actions of

the Board of Zoning Appeals and the City of Bartlett are declared improper

and invalid, the rights of the Petitioners will be irrevocably harmed.

## WHEREFORE PREMISES CONSIDERED PETITIONERS PRAY FOR THE FOLLOWING RELIEF:

1. That this Honorable Court issue the Writ of Certiorari compelling the City

   of Bartlett Tennessee and the Bartlett Board of Zoning Appeals to prepare

   1) a complete certified transcript of the proceedings in this cause,

   containing also all the proof submitted before the Board of zoning Appeals

   at its July 18, 2019, hearing, and 2) a copy of the audio recording of the

   July 18, 2019, hearing of this matter, and file same with the Court for

   review by the Court in these proceedings.

2. That the Court review the decision of the Bartlett Board of Zoning Appeals

   rendered on July 18, 2019.

3. That the Court grant the appropriated variances that would allow

   Petitioners' RV Cover to remain in its current location in their backyard.

4. That the doctrine of Equitable Estoppel be invoked in favor of Petitioners

   and foreclose any relief be granted to Respondents.

5. That the July 18, 2019, action of the Bartlett Board of Zoning Appeals

   denying Petitioners' Request for Variance be declared arbitrary,

capricious, and be declared invalid, be set aside and declared null, void and of no legal effect.

6.      That this matter be remanded to the Bartlett Board of Zoning Appeals for a decision consistent with this Court's order.

7.      Respondents be awarded attorney fees and expenses pursuant to 42 U.S.C.§§1983 and 1988.

8.      That the costs of this cause be taxed against the Respondent.

9.      For other and further relief that Petitioners may be entitled to.

**THIS IS PETITIONERS' FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CAUSE.**

**THIS IS PETITIONERS' FIRST APPLICATION FOR WRIT OF CERTIORARI IN THIS CAUSE.**

MILLER LAW FIRM

Henry W. Miller #016817
Attorney for Petitioners
3569 Summer Ave.
Memphis, TN 38122
901-327-3434
mlfhenry@bellsouth.net

13

## <u>VERIFICATION OF KEVIN MAYO</u>

STATE OF TENNESSEE
COUNTY OF SHELBY


I, **KEVIN MAYO**, have read the foregoing petition and have personal knowledge of the contents thereof, I swear under penalty of perjury that the foregoing petition is true and correct to the best of my knowledge, information and belief.

_____
**KEVIN MAYO**


Sworn and subscribed before me this _3RD_ day of October, 2019.

_____
NOTARY PUBLIC


My Commission Expires _____ 9-6-22 _____



## VERIFICATION OF RHONDA MAYO

STATE OF TENNESSEE
COUNTY OF SHELBY

I, **RHONDA MAYO,** have read the foregoing petition and have personal knowledge of the contents thereof, I swear under penalty of perjury that the foregoing petition is true and correct to the best of my knowledge, information and belief.

**RHONDA MAYO**

Sworn and subscribed before me this 3RD day of October, 2019.

NOTARY PUBLIC

My Commission Expires _____ 9-6-22

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on the following by email and U.S. Mail postage prepaid, this 3rd day of October, 2019:

Edward McKinney, Jr., Esquire
Bartlett City Attorney
6060 Primacy Parkway, Ste 100
Memphis, TN  38119

HENRY W. MILLER  #016817

## F I A T

Issue a Writ of Certiorari prayed for herein to the City of Bartlett Tennessee and

Bartlett Board of Zoning Appeals.

### JIM KYLE

CHANCELLOR

Date: _____ Sep 11 2019 _____


A TRUE COPY-ATTEST

W. Aaron Hall, Clerk & Master

By _____

D.C. & M.

# NOTICE OF VIOLATION

OCCUPANT/OWNER: _4464 Timmeron_   DATE: _6-3-19_

ADDRESS: _____   INSPECTOR: _HC106_

## DESCRIPTION OF VIOLATION/ CORRECTION ORDER:

☐ OVERGROWN GRASS/WEEDS _____

☐ REQUIRES EDGING/WEEDEATED _____

☐ OVERGROWN FLOWER BEDS _____

☐ OVERGROWN SHRUBS _____

☐ POOL STAGNANT/DILAPIDATED _____

☐ PEELING PAINT _____

☐ ROTTEN WOOD _____

☐ REPAIR/SECURE FENCE/GATE _____

☐ BASKETBALL GOAL/RAMPS IN STREET/RIGHT OF WAY _____

☐ EQUIPMENT/DEBRIS/GARBAGE/EXTERIOR STORAGE _____

☐ STORING OVERSIZED COMMERCIAL VEHICLES IN RESIDENTIAL DISTRICT   (14,000 GVWR OR MORE THAN 6 WHEELS)

☐ ILLEGAL STORAGE OF RV'S/CAMPERS/TRAILERS/BOATS/RECREATIONAL VEHICLES _____

☐ INOPERABLE VEHICLES _____

☐ TRASH BAGS/GARBAGE CARTS/DEBRIS/YARD WASTE PLACED @ CURB PRIOR TO PICK-UP DAY

☐ DRAINING WATER ONTO GROUND OR POLLUTING STORM SEWER _____

☐ SIGN ORD. VIOL. _____

☐ PARKING _____

☒ OTHER: _Detached Storage Bld No Permit_

OWNERS/OCCUPANTS OR PARTIES OF INTEREST OF SAID PROPERTY SHALL HAVE _5_   HRS/DAYS FR(
THE DATE OF THIS NOTICE TO: _6-3-19_

A)   MAKE THE NECESSARY REPAIRS, ALTERATIONS OR IMPROVEMENTS TO THE PROPERTY TO BE
      COMPLIANCE WITH THE CODE(S) OR

B)   CONTACT CODE COMPLIANCE AND REQUEST MORE TIME TO BRING THE PROPERTY INTO COMPLIANCE

C)   EXERCISE THE RIGHT TO APPEAL  (APPEAL MUST BE MADE WITHIN 10 DAYS OF DATE OF NOTICE, WRITTEN FORM)

Any person failing to comply with a notice of violation or order served in accordance with § 13-107 shall be deemed guilty of
misdemeanor or civil infraction as determined by the local municipality, and the violation shall be deemed a strict liability offense.
the notice of violation is not complied with, the code official shall institute the appropriate proceeding at law or in equity to restra
correct or abate such violation, or to require the removal or termination of the unlawful occupancy of the structure in violation of t
provisions of this code or of the order or direction made pursuant thereto. Any action or repairs taken by the authority havir
jurisdiction on such premises shall be charged against the real estate upon which the structure is located and shall be a lien upon su
real estate. All repair costs are to include but not necessarily be limited to the following:
(a) Construction cost including removal and disposal, temporary repairs and barricading, materials and labor cost.
(b) Administrative cost of one hundred dollars ($100.00) or fifteen percent (15%), whichever is greater.

BARTLETT CODE COMPLIANCE       6382 STAGE ROAD       EXHIBIT A

Memphis
June 3 8:59 AM

◎ LIVE

## ▽ Code Enforcement

Show All Answers

### 1. When is a permit required?

A permit is required for any alteration or repair to a building, any new building, fence, swimming pool, sign (new or face change), detached building, siding, decks, and special events. Separate permits are necessary for plumbing, electrical, mechanical & gas piping if these particular trades are being done. These subcontractor permits can only be obtained by licensed contractors of that trade. If you have any questions regarding permits, please contact our office at (901) 385-6425.

### 2. How do I obtain a Permit Application Form & how long is the permit valid?

### 3. What documents do I need to bring along to apply for a permit?

### 4. How do I schedule an inspection?

### 5. Why are inspections needed?

### 6. What types of inspections are required?

### 7. If I have a technical question about my project, who should I contact?

EXHIBIT B

**When is a permit required?**
A permit is required for any alteration or repair to a building, any new building, fence, swimming pool, sign (new or face change), detached building, siding, decks, and special events. Separate permits are necessary for plumbing, electrical, mechanical & gas piping if these particular trades are being done. These subcontractor permits can only be obtained by licensed contractors of that trade. This list might not be all inclusive. For additional information, please contact Code Enforcement at (901) 385-6425.

▼ **Code Enforcement**

Show All Answers

1. **When is a permit required?**
2. **How do I obtain a Permit Application Form & how long is the permit valid?**
3. **What documents do I need to bring along to apply for a permit?**
4. **How do I schedule an inspection?**
5. **Why are inspections needed?**
6. **What types of inspections are required?**
7. **If I have a technical question about my project, who should I contact?**

**Categories**

- All Categories
- 2 - Footer - FAQs
- Athletics
- Bartlett Extreme Swim Team
- Bartlett Station Municipal Center
- Business Licenses
- Citizen Services
- City Government
- Code Compliance
- Code Enforcement
- Engineering Department
- Family Assistance Commission
- Family Funds Program
- Finance Department
- Fire Department
- Garbage Collection
- General Information
- Holiday Lighting Contest
- Home Page
- Parks & Recreation
- Performing Arts Center
- Planning & Economic Development
- Police Department
- Property Tax
- Public Works
- Purchasing
- PW - Animal Shelter-Control
- Recreation & Fitness Center
- Senior Center
- Singleton Community Center
- Utility/Water Billing
- Wastewater Treatment
- Water Treatment
- Yard of the Month and Civic Pride

**Contact Us**

OF BART
https://www.cityofbartlett.org/Faq.aspx?QID=63

**Helpful Links**

City of Bartlett   Bartlett City Schools

**FAQs**

What are the business hours for Bartlett City Hall?

EXHIBIT C

Case 2:19-cr-00185-JTF Document 1-2 Filed 10/15/19 Page 21 of 37 PageID 59

**Mayor A. Keith McDonald**

*Employee Email Access*



*Employee Portal*



City Office Locations

Commercial Appeal Daily Newspaper

Shelby County Government

**View All**

Bartlett Express Weekly Newspaper

Where do I register to vote?

What voting district do I live in?

How do I contact my Federal, State and Local representatives?

Where do I go for new Utility Services?

How do I obtain a business license?

**View All**

| | |
|---|---|
| **Bartlett Planning and Economic Development Department** 6382 Stage Road, P.O. Box 341148 Bartlett, TN 38184-1148 901-385-6417  FAX 901-385-6419 www.cityofbartlett.org | *Bartlett Board of Zoning Appeals* **Application for Variance Approval** |

Property Address for which Variance Is Requested _4464 Timmeron Cove_

Description of Variance Requested (separate letter or sheet may be attached)
_Positioning of RV Cover outside the setback on right side of house facing Timmeron Cove_

Property Owner _Kevin & Rhonda Mayo_    Phone _901-832-1189_
Company Name _____    Fax _____
Address _4464 Timmeron Cove Bartlett TN 38135_
Applicant _Kevin & Rhonda Mayo_    Phone _901-832-1189_
Company Name _____    Fax _____
Address _4464 Timmeron Cove Bartlett TN 38135_

Submitted by _Kevin Mayo_    _(signature)_    _6/4/19_
(printed name)    (signature)    (date)
Email Address _KMAYOVOLS@aol.com_ Phone _901-832-1189_ Fax _____

✓  Attach a checked-off "Variance Checklist" and all items required therein.

✓  Include a fee of $300.00 with this application (check payable to the City of Bartlett).

___  Provide an electronic PDF file of the plans. Note that an updated electronic file is required when plans are revised. The electronic file shall be labeled with the project name and accurately dated.

I, the property owner(s) hereby authorize the filing of this application.

_Kevin Mayo_ , _(signature)_    _6/4/19_
( print name)    (signature)    (date)

**COLLECTIVE**

**EXHIBIT D**

| | |
|---|---|
| **Bartlett Planning and Economic Development Department** 6382 Stage Road, P.O. Box 341148 Bartlett, TN 38184-1148 901-385-6417   FAX 901-385-6419 www.cityofbartlett.org | # Variance Checklist |

The applicant shall provide the following information twenty (21) days prior to the scheduled hearing date.

This information shall be provided on sheets 8½" x 11" in size or folded to that size. **Ten (10) sets of this information shall be submitted,** with each set containing one copy of each document.

____ 1.   This application form.

____ 2.   A Plot Plan showing subject property and public street rights-of-way. If the property is encumbered by easements, show the type and location on the Plot Plan.

____ 3.   The names and addresses of all property owners within three hundred (300) feet of the applicant's property or a minimum of ten (10) property owners, whichever is greater.

____ 4.   One copy of the names and addresses required in #3 above on self-adhesive mailing labels.

____ 5.   A Vicinity Map showing the subject property and all parcels within the distances described in #3 above. Every parcel shall indicate the owner's name and the street that each parcel fronts upon.

____ 6.   A written explanation demonstrating how the following requirements are met.

    a.   Special conditions and circumstances exist which are peculiar to the land, structure, or building involved and which are not applicable to other lands, structures, or buildings in the same district.

    b.   Literal interpretation of the provisions of this Ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same district under the terms of this Ordinance.

    c.   The special conditions and circumstances do not result from the actions of the applicant.

    d.   Granting the variance requested will not confer on the applicant any special privilege that is denied by this Ordinance to other lands, structures, or buildings in the same district.

(Note: "No non-conforming use of neighboring lands, structures, or buildings in the same district, and no permitted or non-conforming use of lands, structures or buildings in other districts shall be considered grounds for the issuance of a variance.")

 7.   Any other information deemed necessary and requested by the Board.

The applicant should attend the meeting of the Board of Zoning Appeals, to present and answer questions on this application. The meeting is normally at 6:30 p.m. on the third Thursday of each month, at City Hall, 6400 Stage Road.

Questions also may be sent by email to the Department's planners:

- Kim Taylor, ktaylor@cityofbartlett.org
- Sam Harris, samharris@cityofbartlett.org
- Leslie Brock, leslie.brock@cityofbartlett.org
- Alex Barthol, abarthol@cityofbartlett.org

## INCOMPLETE APPLICATIONS WILL NOT BE PROCESSED

| | | | | | |
|---|---|---|---|---|---|
| WHITESIDE JAY D & KIMBERLY L | 4510 | TIMMERON | CV | Bartlett | TN | 38135 |
| CLEMENTS JERRY D & LYNNE C | 4502 | TIMMERON | CV | Bartlett | TN | 38135 |
| POTTER JEFFREY A & LORI A | 4501 | GLENCHASE | DR | Bartlett | TN | 38135 |
| COX WILLIAM E JR & CATHERINE K | 4490 | TIMMERON | CV | Bartlett | TN | 38135 |
| ADAMS YOLAND & REGINALD | 4492 | GLENCHASE | DR | Bartlett | TN | 38135 |
| SHIRLEY BONNIE L | 4485 | ANDAMAN | CV | Bartlett | TN | 38135 |
| MILLER HENRY W III & LORI L | 4482 | TIMMERON | CV | Bartlett | TN | 38135 |
| MCCASKEY JAMES P & CARLA M | 4483 | GLENCHASE | DR | Bartlett | TN | 38135 |
| PHIFER JAMES F & MARGARET E | 4472 | TIMMERON | CV | Bartlett | TN | 38135 |
| COX MAURIE F | 4473 | GLENCHASE | DR | Bartlett | TN | 38135 |
| TUCKER LARRY & GINA | 4470 | GLENCHASE | DR | Bartlett | TN | 38135 |
| MAYO KEVIN J | 4464 | TIMMERON | CV | Bartlett | TN | 38135 |
| POTTER MICHAEL W & MARILYN E | 4463 | GLENCHASE | DR | Bartlett | TN | 38135 |
| BRIGGS WILLIE A & CHARLENE | 4461 | ANDAMAN | CV | Bartlett | TN | 38135 |
| VAUGHN DWAYNE A | 6393 | BRISTOL GLEN | DR | Bartlett | TN | 38135 |
| BERRY ANTHONY & CERELA D | 6405 | BRISTOL GLEN | DR | Bartlett | TN | 38135 |
| MCCARVER DAVID G & LINDA R | 6415 | BRISTOL GLEN | DR | Bartlett | TN | 38135 |
| KARPICKE DOUGLAS R & MELISSA A | 6425 | BRISTOL GLEN | DR | Bartlett | TN | 38135 |
| PIERCE FAMILY TRUST | 4431 | INNISWOOD | CV | Bartlett | TN | 38135 |
| PENA RALPH H & PAMELA J | 4426 | INNISWOOD | CV | Bartlett | TN | 38135 |
| GIOVE JUDITH K | 4431 | GLENCHASAE | DR | Bartlett | TN | 38135 |
| NIELSEN ROBIN & KAREN | 4421 | GLENCHASE | DR | Bartlett | TN | 38135 |
| FLEMING AARON AND MARY ROGERS (RS) | 6406 | INNISWOOD | DR | Bartlett | TN | 38135 |
| FLOHR CHRISTIAN E & VANESSA M | 4493 | GLENCHASE | DR | Bartlett | TN | 38135 |
| MASSENGILL BOBBY E & LILLY C | 4480 | GLENCHASE | DR | Bartlett | TN | 38135 |
| WOOD ALICIA L & JOSHUA W | 4471 | ANDAMAN | CV | Bartlett | TN | 38135 |
| GRIFFITHS MICHAEL L AND LYRA M GRIFFITHS | 4462 | GLENCHASE | DR | Bartlett | TN | 38135 |
| MCKINNEY STANLEY R & BARBARA F | 6443 | BRISTOL GLEN | DR | Bartlett | TN | 38135 |
| MCCALEB HUNTER R | 4430 | GLENCHASE | DR | Bartlett | TN | 38135 |
| FLOW TONY G & REBECCA W | 4418 | INNISWOOD | CV | Bartlett | TN | 38135 |
| HINES JUAUNI J | 4417 | INNISWOOD | CV | Bartlett | TN | 38135 |
| JOHNSON HAROLD L | 6383 | BRISTOL GLEN | DR | Bartlett | TN | 38135 |
| HILTON BEVERLY AND DUANE L HILTON | 4450 | GUINEVERE | LN | Bartlett | TN | 38135 |
| ALLEN SAMUEL C JR & DONNA M | 4488 | GUINEVERE | LN | Bartlett | TN | 38135 |
| STRICKLAND WENDELL G & LAURA L | 4481 | TIMMERON | CV | Bartlett | TN | 38135 |
| FONVILLE ERIC N & DORIS E | 4498 | GUINEVERE | LN | Bartlett | TN | 38135 |
| BOLLER WILLIAM A & CYNTHIA | 4430 | GUINEVERE | LN | Bartlett | TN | 38135 |
| BIANCHI RONALD & ELLA | 4425 | INNISWOOD | CV | Bartlett | TN | 38135 |
| MASON BEN W AND SHERRIE L MASON | 4440 | GUINEVERE | LN | Bartlett | TN | 38135 |
| HOWARD JOHN G & MAUREEN J | 4461 | TIMMERON | CV | Bartlett | TN | 38135 |
| NOTTO MICHAEL T & APRIL | 6346 | BRISTOL GLEN | DR | Bartlett | TN | 38135 |
| BELLAMY JOYCE C | 4478 | GUINEVERE | LN | Bartlett | TN | 38135 |
| CORDRAY ROBERT J | 4471 | TIMMERON | CV | Bartlett | TN | 38135 |
| GREER VERNON & LUTICIA R | 4479 | GUINEVERE | LN | Bartlett | TN | 38135 |
| COBB E L & KATHLEEN | 4491 | TIMMERON | CV | Bartlett | TN | 38135 |
| RODGERS CARLESLY & JACQUELINE K | 4510 | GUINEVERE | LN | Bartlett | TN | 38135 |
| CHRISTIAN TOMMIE L REVOCABLE LIVING | 4503 | TIMMERON | CV | Bartlett | TN | 38135 |
| KUGELE SEAN C AND TAMMY L CATER (RS) | 4468 | GUINEVERE | LN | Bartlett | TN | 38135 |
| CHRISTY SHEENA R & CLIFFORD T | 4500 | GLENCHASE | DR | Bartlett | TN | 38135 |



To: The Bartlett Planning Commission- Board of Zoning Appeals
From: Kevin Mayo, 4464 Timmeron Cove

I recently had an awning installed to protect our newly purchased motorhome. The awning is open and free-standing with rebar anchoring.  Upon reading the on-line Bartlett Permit requirements, I did not interpret that a permit would be required.  However, after installation, I received a citation which stated a permit was required and later learned that the placement does not align with the code for corner lots.  Therefore, I am now requesting for a variance approval to allow the awning to remain as installed for the following reasons:

- We consider Bartlett a great place to live, work, raise a family, and retire.
- My wife recently retired from Medtronic and I work part-time with hope to retire in five years; in April of this year we purchased a motorhome with the plan to store it in the backyard to allow us to travel often and on an ad-hoc basis.
- The motorhome purchase was a **significant financial investment** and we want to protect it from damage by the weather, therefore, the awning was installed in our backyard.
- My wife and I purchased the corner lot in 1998 without knowledge that use of the corner back/side yard would be limited by Bartlett Code and that, **effectively, we have to treat it as if we have two front yards; this significantly reduces the useful yardage of our lot.**
- The awning is placed behind our fence, is the same color as the cement style fence, and completely covered by trees on one side; **residents who are not on a corner lot are allowed to have awnings and structures behind their fence.**
- Our backyard has been strategically landscaped to manage the significant water drainage from the neighboring yards through our yard, although the drainage wash has still caused the yard to become unlevel over the years; **to move the awning to code specifications for a corner lot would place the awning in the middle of the backyard, require tree removal, and impact the drainage landscaping.**

Based upon the environmental impact of moving the awning to code placement and our effort to make it esthetically blend with the existing fence, we ask that you approve this requested variance.

Thank you for your consideration.  May you have a blessed day.











# Zoning Ordinance
## for the City of
## Bartlett, Tennessee

## Mayor
## Keith McDonald

### Aldermen

Emily Elliott                           Bobby Simmons

David Parsons                           Jack Young

W.C. "Bubba" Pleasant                   Rick Faith

ADOPTED BY THE BOARD OF MAYOR AND ALDERMEN
JULY, 1980

Prepared by
Bartlett Department of Planning and Economic Development

EXHIBIT E

## ARTICLE IX.

## BOARD OF ZONING APPEALS

### Section 1 - Establishment

A Board of Zoning Appeals is hereby established, which shall consist of five (5) members to be appointed by the Mayor and approved by a majority of the membership of the Board of Mayor and Aldermen, each for a term of three (3) years. The Board shall consist of at least one (1) member of the Board of Mayor and Aldermen, one (1) member of the Municipal Planning Commission and one (1) member of the Community Design and Review Commission. Members of the Board of Zoning Appeals may be removed from office by the Board of Mayor and Aldermen. Vacancies shall be filled by the Board of Mayor and Aldermen for the unexpired term of the member affected.

### Section 2 -Proceedings of the Board of Zoning Appeals

The Board of Zoning Appeals shall adopt rules necessary to the conduct of this Ordinance. Meetings shall be held at the call of the chairman and at such other times as the Board may determine. The Chairman or, in his absence, the acting Chairman, may administer oaths and compel the attendance of witnesses. All meetings shall be open to the public.

The Board of Zoning Appeals shall keep minutes of its proceedings, showing the vote of each member upon each question, or if absent or failing to vote indicating such fact, and shall keep records of its examinations and other official actions, all of which shall be a public record and be immediately filed in the office of the Board.

### Section 3 -Hearings; Appeals; Notice

(Amended by Ord. 02-16, 12/10/02)

Appeals to the Board of Zoning Appeals concerning interpretation or administration of this Ordinance may be taken by any person aggrieved or by any officer or bureau of the governing body of the City affected by any decision of the Building Official. Such appeals shall be taken within a reasonable time, not to exceed sixty (60) days or such lesser period as may be provided by the rules of the Board, by filing with the Building Official and with the Board of Zoning Appeals a Notice of Appeal specifying the grounds thereof. The Building Official shall forthwith transmit to the Board all papers constituting the record upon which the action appealed from was taken. The Building Official shall also transmit to the Planning Commission notice of the appeal. The Board of Zoning Appeals shall fix a reasonable time for the hearing of appeal, give public notice thereof as well as due notice to the parties in interest, and decide the same

within a reasonable time. At the hearing, any party may appear in person or by agent or attorney.

At least fifteen (15) days notice of the time and place of the Public Hearing shall be published in a newspaper of general circulation in the City, and written notice given residents whose property is within three hundred (300) feet of the site or a minimum of ten (10) property owners, whichever results in the greater number of notices, for Administrative Review and Variance cases. The applicant shall provide a vicinity map showing the property which is the site of the application and all parcels of property required to be notified. Such vicinity maps shall show any and all streets, roads, or alleys and shall indicate the owner's name and dimensions of each parcel of property shown. The applicant shall also provide a list of the names and addresses of the owners of property shown on the vicinity map.

## Section 4 - Stay of Proceedings

An appeal stays all proceedings in furtherance of the action appealed from, unless the Building Official, from whom the appeal is taken, certifies to the Board of Zoning Appeals, after the notice of appeal is filed with him, that by reason of facts stated in the Certificate, a stay would, in his opinion, cause imminent peril to life and property. In such case proceedings shall not be stayed other than by a restraining order which may be granted by the Board of Zoning Appeals or by a court or record on application, on notice to the Building Official from whom the appeal is taken and on due cause shown.

## Section 5 - Powers and Duties

(Amended by Ord. 02-16, 12/10/02)

The Board of Zoning Appeals shall have the following powers and duties:

A.     ADMINISTRATIVE REVIEW

To hear and decide appeals where it is alleged by the appellant there is error in any order, requirement, permit, decision, or refusal made by the Building Official or any other administrative official in the carrying out or enforcement of any provision of this Ordinance; and for interpretation of the Zoning Map.

B.     VARIANCES:  CONDITIONS  GOVERNING  APPLICATIONS;
       PROCEDURES

Where,
*       by reason of exceptional narrowness, shallowness or shape of a specific
        piece of property at the time of the enactment of the Zoning Ordinance,
        or

   ⦿     by reason of exceptional topographic conditions or other extraordinary and exceptional situation or condition of such piece of property,

the strict application of the Zoning Ordinance would result in peculiar and exceptional practical difficulties to or exception or undue hardship upon the owner of such property; to authorize, upon an appeal relating to the property, a variance from such strict application so as to relieve such difficulties or hardship; provided, that such relief may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of the Zoning Map and Zoning Ordinance.

A variance from the terms of this Ordinance shall not be granted by the Board of Zoning Appeals unless and until the following requirements are met:

1.     A written application for a variance is submitted demonstrating

    a.    That special conditions and circumstances exist which are peculiar to the land, structure, or building involved and which are not applicable to other lands, structures, or buildings in the same district;

    b.    That literal interpretation of the provisions of this Ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same district under the terms of this Ordinance.

    c.    That the special conditions and circumstances do not result from the actions of the applicant.

    d.    That granting the variance requested will not confer on the applicant any special privilege that is denied by this Ordinance to other lands, structures, or buildings in the same district.

No non-conforming use of neighboring lands, structures, or buildings in the same district, and no permitted or non-conforming use of lands, structures or buildings in other districts shall be considered grounds for the issuance of a variance.

2.     Notice of public hearing shall be given as required in this Article.

3.     The public hearing shall be held. Any party may appear in person, or by agent or attorney.

4.     The Board of Zoning Appeals shall make findings that the requirements of this Article have been met by the applicant for a variance.

5.     The Board of Zoning Appeals shall further make a finding that the reasons set forth in the application justify the granting of the variance,

and that the variance is the minimum variance that will make possible the reasonable use of the land, building, or structure.

6.   The Board of Zoning Appeals shall further make a finding that the granting of the variance will be in harmony with the general purpose and intent of this Ordinance, and will not be injurious to the neighborhood or otherwise detrimental to the public welfare.

In granting any variance, the Board of Zoning Appeals may prescribe appropriate conditions and safeguards in conformity with this Ordinance. Violation of such conditions and safeguards, when made a part of the terms under which the variance is granted, shall be deemed a violation of this Ordinance and punishable under Article XIII of this Ordinance.

Under no circumstances shall the Board of Zoning Appeals grant a variance to allow a use not permissible under the terms of this Ordinance in the district involved, or any use expressly or by implication prohibited by the terms of this Ordinance in said district.

## C.   BOARD HAS POWERS OF ADMINISTRATIVE OFFICIAL ON APPEALS; REVERSING DECISION OF THE BUILDING OFFICIAL

In exercising the above mentioned powers, the Board of Zoning Appeals may, so long as such action is in conformity with the terms of this Ordinance, reverse or affirm, wholly or partly, or may modify the order, requirement, decision, or determination appealed from and may make such order, requirement, decision, or determination as ought to be made, and to that end shall have the powers of the Building Official from whom the appeal is taken.

The concurring of a majority of the Board of Zoning Appeals shall be necessary to reverse any order, requirement, decision, or determination of the Building Official, or to decide in favor of the applicant on any matter upon which it is required to pass under this Ordinance, or to effect any variation in the application of this Ordinance.

## Section 6 -Appeals from the Board of Zoning Appeals

Any person or persons, or any board, tax payer, department, board or bureau of the City aggrieved by any decision of the Board of Zoning Appeals may seek review by a court of record of such decision, in the manner provided by the laws of the State of Tennessee.

All decisions and findings of the Board of Zoning Appeals on appeals or upon applications for variances shall in all instances be final administrative decisions.





*A. Keith McDonald, Mayor*

August 12, 2019

Mr. Kevin Mayo
Ms. Rhonda Mayo
4464 Timmeron Cove
Bartlett, TN 38135

Re:   Decision of Board of Zoning Appeals on application for variances from the minimum front yard setback, the accessory building height restrictions, and the prohibition against accessory structures encroaching into the front yard setback in the "RS-15" Single Family Residential Zoning District

Dear Mr. and Ms. Mayo:

This is to confirm that your application for variances from the minimum front yard setback, the accessory building height restrictions, and the prohibition against accessory structures encroaching into the front yard setback in the "RS-15" Single Family Residential Zoning District was heard by the Board of Zoning Appeals on July 18, 2019. The Board determined that the application did not satisfy the criteria for the issuance of a variance and denied your application. There is no administrative appeal of this decision. Any challenge must be filed in the appropriate court within sixty (60) days from the date of this letter.

Very truly yours,

*Kimberly Taylor*

Kimberly Taylor
Director of Planning & Economic Development

EXHIBIT F

6400 Stage Road • P.O. Box 341148 • Bartlett, Tennessee 38134-1148 • 901-385-6400